IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEROY DADE, JR.,      :
  Plaintiff,       :
            :
 v.          :  CIVIL ACTION NO. 24-CV-6162
            :
JOSEPH WALSH, et al.,    :
  Defendants.      :

## ORDER

AND NOW, this 14th day of April 2026, upon consideration of Motions to Dismiss filed by the various Defendants (ECF Nos. 32, 48, 55, 56), Plaintiff Leroy Dade's associated Motions and Responses (ECF Nos. 37, 58, 60, 62, 63, 69, 70), and replies from the Defendants (ECF Nos. 38, 64, 65, 68), it is **ORDERED** that:

1. The Motion to Dismiss or in the Alternative for Summary Judgment filed by Defendants Brittany Huner and Joseph Terra (ECF No. 48) is **GRANTED** in part, to the extent that it seeks dismissal of Dade's state tort claim against Defendant Huner, and **DENIED** in all other respects.

2. The Motion to Dismiss for Failure to State a Claim filed by Defendants Joseph Walsh, Anthony Letizio, Wellpath LLC, Louis E. Hallman, Jeanne DeFrangesco, Pinky B. Saikia, Carol Annino, Ashley Senkowski, Elliott Yodh, and Jennifer Frusco (ECF No. 55) is **GRANTED** in part, to the extent that it seeks dismissal of the claims against Defendants Hallman, DeFrangesco, Annino, Senkowski, and Frusco, and **DENIED** in all other respects.

3. The Motion to Dismiss filed by Defendants Evan Deutsch and Aaron Ilano (ECF No. 56) is **GRANTED**. To the extent the motion seeks summary judgment in the alternative, it is **DENIED** as **MOOT**.

4.      Dade's claims against William Gonzales are **DISMISSED WITH PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

5.      The Clerk of Court is **DIRECTED** to **TERMINATE** the following Defendants:

   a.  Kip Hallman, whose name the Clerk shall first update to "Louis E. Hallman."

   b.  Barbara DeFransenco, whose name the Clerk shall first update to "Jeanne DeFrangesco"

   c.  John Doe Nurse

   d.  Jane Doe

   e.  Dr. Jane Aninno, whose name the Clerk shall first update to "Carol Annino."

   f.  Ashley Sinkowski, whose name the Clerk shall first update to "Ashley Senkowski."

   g.  Jennifer Frusco

   h.  William Gonzales

   i.  Evan R. Deusth

   j.  John Doe Vascular Surgeon

   k.  Aaron Ilan, whose name the Clerk shall first update to "Aaron Illano."

   l.  SCI Phoenix, which appears to have been mistakenly included on the docket as a Defendant in this case.

6.      The Clerk of Court is **DIRECTED** to correct the spelling of Defendant "Elliot Yorh" to "Elliott Yodh."

7.      Wellpath's Motion to Dismiss It as a Party Following Bankruptcy Discharge (ECF No. 32) is **GRANTED** to the extent that it seeks to dismiss Wellpath LLC as a Defendant in this Action.

8.  The Clerk of Court is **DIRECTED** to **TERMINATE** Wellpath LLC as a Defendant.

9.  The Clerk of Court is **DIRECTED** to **ADD** Wellpath Liquidating Trust as a Defendant.

10.  The Clerk of Court is specially appointed to serve written waiver requests on the Wellpath Liquidating Trust, pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service.[1]

11.  The waiver of service requests shall be accompanied by a copy of the Complaint, as well as a copy of this Order and the Court's Accompanying Memorandum, and shall inform the Defendant of the consequences of compliance and failure to comply with the requests.  The

---

[1]  In accordance with the Liquidating Trust Agreement, *In re Wellpath*, No. 24-90533 (Bankr. S.D. Tx. May 9, 2025), ECF No. 2679 at 298, 387, the Clerk shall address the waivers of service to the Trustee of the Liquidating Trust and Counsel for the Liquidating Trust:

Matthew J. Dundon, Trustee
Wellpath Liquidating Trust
c/o Dundon Advisers LLC
10 Bank Street, Suite 1100
White Plains, New York 10606
Email: md@dundon.com

Proskauer Rose LP
Eleven Times Square
New York, New York 10036
Attn: Daniel Desatnik, Esq.
Email: ddesatnik@proskauer.com

Stinson LLP
1201 Walnut Street, Suite 2900
Kansas City, Missouri 64106
Attn: Zachary Hemenway, Esq.
Email: Zachary.hemenway@stinson.com

requests shall allow the Defendants at least 30 days from the date they are sent to return the signed waivers.

12.     If a signed waiver is not returned within the time limit given, the Court will issue subsequent orders to attempt to effect service by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

13.     The Clerk of Court is **DIRECTED** not to issue summonses for the Wellpath Liquidating Trust until further order of this Court.

14.     The Clerk of Court is **DIRECTED** to **AMEND** the docket to reflect that ECF No. 37 is Dade's "Response" rather than a Motion, and to **TERMINATE** the Motion.

15.     Dade's Motion re: Typo and Extension of Time (ECF No. 62) is **DENIED** as **MOOT**.

16.     Defendants Huner, Terra, Walsh, Letizio, Saikia, Yodh, and the Wellpath Liquidating Trust shall file responsive pleadings in accordance with Federal Rule of Civil Procedure 12(a)(4).

BY THE COURT:

_____
**KAI N. SCOTT, J.**